CITY OF IRON MOUNTAIN *v.* DICKINSON COUNTY ROAD
COMMISSIONERS.

1. TAXATION—MOTOR VEHICLE WEIGHT AND GASOLINE TAXES—ALLOCATION TO DEDICATED STREETS AND ALLEYS IN PLATS OUTSIDE CITIES AND VILLAGES.

Allocation by board of supervisors of portion of funds received
by county from State motor vehicle weight and gasoline taxes
for use on dedicated streets and alleys in recorded plats outside of incorporated cities and villages during year 1936–1937
*held*, proper, such thoroughfares being township roads by force
of statute and taken over by county authorities pursuant to
statute (1 Comp. Laws 1929, § 3594, as last amended by Act
No. 8, Pub. Acts 1934 [1st Ex. Sess.]; §§ 3998, 4294; § 4651,
as last amended by Act No. 7, Pub. Acts 1934 [1st Ex. Sess.];
Act No. 130, Pub. Acts 1931, as amended by Act No. 238, Pub.
Acts 1937).

2. COSTS—PUBLIC QUESTION—ALLOCATION OF MOTOR VEHICLE
WEIGHT AND GASOLINE TAXES.

No costs are allowed in controversy between city and county road
commissioners involving allocation of funds received by county
from State motor vehicle weight and gasoline tax moneys for
use on dedicated streets and alleys in recorded plats outside of
incorporated cities and villages, a public question being involved (1 Comp. Laws 1929, § 3594, as last amended by Act
No. 8, Pub. Acts 1934 [1st Ex. Sess.]; § 4651, as last amended
by Act No. 7, Pub. Acts 1934 [1st Ex. Sess.]; Act No. 130,
Pub. Acts 1931, as amended by Act No. 238, Pub. Acts 1937).

Appeal from Dickinson; Bell (Frank A.), J.
Submitted January 14, 1938. (Docket No. 136, Calendar No. 39,771.) Decided February 24, 1938.

Assumpsit by City of Iron Mountain, a municipal
corporation, against Dickinson County Road Commissioners, Dickinson County Board of Supervisors
and Amelio Valenti, Treasurer, to recover sums al-

leged to be due under the allocation of road funds. Judgment for plaintiff. Defendants appeal. Reversed.

*Ernest W. Brown,* for plaintiff.

*Edward J. Dundon,* for defendants.

*C. W. Coates, John Walsh, H. Reade Smith* and *Lynn B. Mason, amici curiæ.*

BUTZEL, J. On October 12, 1936, the board of supervisors of Dickinson county allocated for the year 1936–1937, $10,000 "for streets and alleys in platted areas" out of the moneys to be received by the county from the State under Act No. 7, § 34, subd. (4), Pub. Acts 1934 (1st Ex. Sess.), and Act No. 8, § 19, subd. d (4), Pub. Acts 1934 (1st Ex. Sess.). The plaintiff city contends that no allocation could be made under the above sections after the year 1936 and that even if an allocation for the maintenance of township roads was proper, streets and alleys in recorded plats are not township roads within the meaning of the above sections.

The main question of construction in the instant case is ruled by the case of *City of Menominee* v. *County of Menominee, ante,* 146. The only question remaining is in regard to the status of streets and alleys in recorded plats under the McNitt-Holbeck-Smith act, Act No. 130, Pub. Acts 1931 (Comp. Laws Supp. 1935, § 4018–1 *et seq.*).

Under 1 Comp. Laws 1929, § 4294, the township authorities were given jurisdiction over streets in recorded plats. By force of 1 Comp. Laws 1929, § 3998, all established and public roads in townships, except county roads are designated township roads. The 1937 amendment of the McNitt-Holbeck-Smith act, Act No. 238, Pub. Acts 1937 (Comp. Laws Supp.

1937, § 4018–1a) includes streets and alleys in recorded plats in the "total township highway mileage." In view of these statutes and for the additional reasons stated in the case of *City of Menominee* v. *County of Menominee, supra,* it was proper that the moneys received by the county from the State, under Act No. 7, § 34, subd. (4), Pub. Acts 1934 (1st Ex. Sess.), and of Act No. 8, § 19, subd. d (4), Pub. Acts 1934 (1st Ex. Sess.), be allocated for use on dedicated streets and alleys in recorded plats outside of incorporated cities and villages.

The judgment for plaintiff is reversed. As the question is a public one, no costs will be allowed.

WIEST, C. J., and BUSHNELL, SHARPE, POTTER, CHANDLER, NORTH, and McALLISTER, JJ., concurred.